May it please the Court, Charles Rubin on behalf of Mr. Gladney and the Supilio. Your Honor, in this case here, which is again on the some-evidence rule, we want the Court to review the standard of due process. Well, first of all, let's deal with the question of whether the case is moot. This is the one where he's gotten early from the next parole board hearing, right? The May 9th he was granted a parole hearing date. It's not moot because we don't know if the governor is going to take it away. It's going to take about 120 days. And you filed something saying postpone argument because I thought it said something about mootness. But if the case is moot, the remedy is we dismiss. It's not moot, Your Honor. And I never said it was moot. I just was asked by the Attorney General if it would agree to continue it for like 30, 90 days while he's going through the process, because if the governor does not take away his hearing date, his parole date, then he would get out. Counsel, I understood it. The stipulation indicated the case might become moot, and both sides wanted to postpone it. Is that right? Because if the governor doesn't act, the parole board's decision will become final. Will become final, and then this case would be moot, and we wouldn't be able to review it unless we put it in one of the exception categories. This happens to be a very important issue before the appellate courts, Federal courts, as a matter of fact, as I've heard the first two cases already today on the issue of the best evidence. The best evidence rule, actually not the best evidence rule, on the substantial evidence by the board, it uses some evidence rule, using my California State court arguments. Some evidence rule has no basis for determining on what standard the court has to decide what is or is not some evidence to withhold parole. In reviewing the cases, I find that if there is an overwhelming amount of evidence supporting release of a prisoner, and yet one board member finds one static fact, the commitment of crime which may have happened 20, 30 years ago as a basis to deny parole, then it will be upheld by the court when it's taken up by the court. He said there was some important issue, but you we're talking mootness. Does this have to do with mootness? No. This has to do, the important issue which covers this case is the issue of some evidence. I understand, but we were talking mootness, okay? We haven't resolved that. If you're complaining about the past action of the parole board, and the parole board has since granted relief, why isn't the thing you're complaining about, which is the earlier adverse action by the parole board, why isn't that now moot? It's not moot because if they take away the parole date of my client, then we're back to the same issue of the some evidence standard, and that is not a moot issue. Something I don't understand, has he now been adjudicated to be eligible for parole? Well, I wouldn't say he's adjudicated, but the parole board found on May 9th that they gave him a parole date, which the process takes approximately 120 days to get it to the governor, and then he has 30 days to either accept it or reject it. So while he temporarily has a parole date, as did the gentleman in the prior case that was just here. So you say the case is not moot despite the parole board's action because the governor may overrule it, is that right? Yes. Yes. And then he would be not getting out, and then have to start another three-year process, which this started three years ago, to show that the board or the governor acted improperly. But you would agree, wouldn't you, if before this Court decides this case, the governor does not overrule the parole board's decision, then the case would be moot, wouldn't it? It would be moot as to my client getting out of prison. It wouldn't be moot as to the issue of the sum of evidence standard. That issue of the case can't be moot as to an issue. It's either moot or it isn't moot. And if what you're seeking through this litigation, I take it, is to get your client admitted to parole. And if, in fact, he has been admitted to parole, it seems to me that's the end of it. Well, if he gets out on parole, I would agree with you. If he doesn't get out on parole — But if we can't get him out, this is not a relief that you can get from us. The most you can get, let's say we agree with everything you said and disagree with everything the State has said in its place and is about to say in an argument, all it would put him is back in a situation where he gets a positive decision from the parole board. The brief said that the adverse decision is incorrect, and therefore it's entitled to a positive decision. But he already has a positive decision from the parole board. So the best we can do for him is to put him where he is now or where he is already, where he's gotten on his own. So why are we here? Because the best you could do for him and all that are situated like him, but for him, is to the argument we're making is that the — there's no standard on the summed evidence rule. Okay. So let's say we agree with you on that. Okay. And we say, you're absolutely right, and there was no — you know, on the parole board, you really messed up terribly, and we can't let him go. I understand that. But you can determine that the way the State is presently applying the summed evidence rule, there is no standard at all, so it has no right — judicial review is — there's no basis for it. There's no way to determine what factors, what weight that the parole board or the Governor gives to any particular factor in determining whether or not — We have to decide concrete cases. We can't just say, well, there's no longer a real concrete dispute in this case, but since the case is here, why don't we just announce some rules governing judicial review of these things? If he's gotten everything that he's seeking to get in terms of his relief in this case, I don't understand why the case wasn't moved. Okay. Can I pose a question back, Your Honor? No. Okay. If my client does not get out on the currently-pensioned parole date — Counsel, I understand that, that he might not get out if the Governor intervenes and applies the Hotel California rule that you can't get out. Right. Okay. But — but still, I tend to agree with Judge — what I take to be Judge Friedman's and Judge Kaczynski's concerns that this particular case, reviewing what the parole board did, would be moot because they all — they've already said he gets out. So you might have a different case challenging the Governor's decision and the record on that, but I still am in trouble seeing why this particular appeal shouldn't be dismissed. Okay. May I respond to that? If my — and I would request, in order to preserve my client's rights since it takes three years to get here, that if we could continue this hearing until after the parole board — after the Governor makes his decision, so that if the Governor pulls the consent to be released on parole, I can come back here and argue the case. I don't think you understand. Okay. You understand what moot means? Yes, I do. Moot is like that. Yes. Okay. You know, it's like the case no longer presents a controversy. I don't know what the story is in State court. They may have some more flexibility, but we have nothing to adjudicate. It's not one of those cases where you sort of hold it here and sort of keep it warm. It is dead. The patient is dead, and all we can do is bury it. So your job, if you want to save this case from dismissal, is to tell us why this case is not moot. If you can't make out that — if you can't show us that there is a concrete controversy here, I can assure you this case will be gone before the end of the day. So this is your job. Okay. If you're asking me, can I give you any reason why, as to this particular case, why it wouldn't be moot because of the grant? This is the only case we are concerned with. You're not representing some other client here. Right. Then I — Okay. What happens in other cases is of no consequence to whether this case is moot or not. I mean, there's no bearing on it. Is there any relief that we could give in this case? Let's say we gave you everything you asked for. Is there anything that would make a difference to your client's situation? As it stands right now. We'll put him in a better position than he is already today. No. Why shouldn't we? Then it seems to me that we need to dismiss this case. There's nothing else to say. My only concern is, and I repeat it again, that if the Governor takes away the date, we've just lost three years, and it's a long process back, and he's been in jail since 1971. But you'll never be able to challenge this ruling again because this ruling has been superseded by the subsequent ruling of the parole board. The parole board has already given him what you asked us to give him. What you're saying is the parole board was wrong in failing to give him. You know, we should correct that error. But the parole board has already corrected its own error, so. A different parole board. But what has the parole board actually done? It said he's eligible for admission to parole, and has it set a release date for him? No. On May 9th, they started the – they granted the parole in the sense that they said you're entitled and you're – you have a right to parole. You're entitled to parole, they said. Right. So now they're preparing the transcripts and will be submitting it to the Governor. It usually has to be within 90 days of the date of the grant of parole. Then the Governor has 30 days to either reject it or accept it, and then he would get The Governor reviews only the determination whether he's eligible for parole. It doesn't review the date. Is that right? I believe that's correct. So at the moment, there's no release date set. Is that correct? That's correct. And if the Governor were to approve this and the parole board said, fine, we'll now set a release date, the release date for this person is the year 2070, I suppose that would be a wholly different case. You'd say that was arbitrary and capricious to set a parole date more than 60 years later. He would be dead. That's why. That's part of the way the case is. The other issue that I wondered about was whether, as I say, it does seem to me this case is moot, but whether it comes within the exception of something that's capable of repetition but evading review. Because if the Governor says no to the parole, and your client has to start over again, I understand if your client goes back to the parole board, the board then would be free to agree with the Governor's negative decision, and you'd have the same issue to raise again. Correct. But, of course, it might not. It might do what it did in the prior case, which is to agree with its own prior decision. Are you arguing the parole v. Wade? So we got there to death, but now to abortion. Getting a lot of work done today. Okay. We'll hear from the State. May it please the Court, Deputy Attorney General Laura Fox Martin, on behalf of Respondent Aveli. How are you? I'm fine, Your Honor. Thank you. Counsel, my question is, number one, do we have to dismiss this as moot, you know, without discretion? Yes, Your Honor. And second, if it's definitely moot, does it come within that exception that I mentioned? Yes, Your Honor. It must be dismissed as moot, and no, it does not fall within the exception. Any decisions that the Court could make with respect to the 2003 hearing are dead. The Court, I mean, the Board has since reviewed Mr. Gladney's case and has deemed him suitable for parole. So as far as the Board is concerned, we have a complete new hearing which is subject to review by the Governor. So assuming, without conceding, the Governor is going to reverse that decision of the Board, that becomes a completely different case. That's not going to in any way relate back to any of the issues in the 2003 hearing, because that's been resolved by the Board's subsequent finding of Mr. Gladney being suitable for parole. And you say this case is merely a challenge to the parole board's decision? In 2003, that's correct, Your Honor. Okay. Because the Governor hasn't yet applied the Hotel California rule, right? And he may very well not. And if he does, it's a completely different case, completely different issues. I was talking about a different part of the 70s, because I thought that was the model of the Roach Motel. Does the Governor have or is there a time limit on the Governor's action? Yes, Your Honor. The Board has 120 days to ---- 120 days. ---- for the decision to become final. 120 days from what? From the date of the parole board's decision? Yes, Your Honor. That time has not yet expired? That time has not yet expired. The hearing occurred on May the 8th of this year. I was advised yesterday afternoon by a member of the Board that the decision has been finalized with respect to the Board and is either on the Governor's desk as we speak or on its way. The Governor has 30 days. His decision is expected soon, I take it. The Governor has 30 days in which to review the Board's decision. Well, I don't understand. What is the difference between the 30 days and the 120 days? What is the 120 days? From the time of the Board's decision, 120 days may expire before the Board's decision technically becomes final. In other words, the Board has 120 days technically to get it to the Governor for review.  The Board's decision does not become final until 120 days. And then after the 120 days, the Governor has 30 days within which to either approve it or disapprove it. And does he have to approve or disapprove all Board decisions? It's to the Governor's discretion as to whether he even wants to review it or not. He has authority. Just to phrase the question a little bit differently, he has authority to review all decisions. Exactly. Involving murderers. Involving murderers. Okay. So whether he chooses to do so or not is entirely discretionary with him. Exactly. But he normally does in the case of murderers. I can't speak to any statistical information as far as what percentage of the cases the Governor reviews and doesn't. Okay. Fair enough. And then if he does elect to review it, then he has 30 days within which to make his determination. Exactly, Your Honor. And is he required to give a statement of reasons for his decision? Yes, Your Honor. Generally, there's a written decision that's issued from the Governor's office indicating what reasons, based on the information that was seen, the information that was before the Board, that the Governor is either going to agree with or not agree with the Board. He can also send it back to the Board or have another Board convened or something? I don't seem to recall something like that, no? I'm not aware of any provision of law that allows for that. My understanding is once the Board's decision is final, it's final with respect to the Board, and it's in the hands of the Governor thereafter. So he couldn't send it back to the Board and say, I want you to make additional findings on the following issues? I'm not aware of any provision of law that provides for that. Okay. Thank you very much. The case is signed. We'll stand a minute.
judges: Friedman, Kozinski, Gould